IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM ENGLEDOW,<br><br>*Plaintiff*,<br><br>v.<br><br>HOUSTON LAKE FUNERAL HOME, LLC, d/b/a MCCULLOUGH FUNERAL HOME and MAGNOLIA CEMETERY, LLC, d/b/a MAGNOLIA PARK CEMETERY,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:18-cv-00146-TES |

**ORDER GRANTING SECOND CONSENT
MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff William Engledow alleges in his Complaint that Defendants Houston Lake Funeral Home, LLC, d/b/a McCullough Funeral Home and Magnolia Cemetery, LLC, d/b/a Magnolia Park Cemetery (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay his "overtime premium when he worked more than forty hours each week" and his "earned commissions when he was terminated." [Doc. 1 at p. 2]. Plaintiff's Complaint also raised the following non-federal claims; breach of contract, quantum meruit, and promissory estoppel. [*Id.* at pp. 23–26].

After the Court granted the parties' Joint Motion to Stay Proceedings [Doc. 19], the parties conducted a settlement conference and, after "extensive negotiations," reached a

settlement to resolve the aforementioned disputed claims in their entirety. *See* [Docs. 22–23]; *see also* [Docs. 24 at pp. 2–3, 28 at pp. 2–3]. Having reached a settlement, the parties submitted their first Consent Motion for Approval of Settlement Agreement, [Doc. 24], and their proposed FLSA Settlement Agreement and Release, [Doc. 24-1], for Court approval pursuant to 29 U.S.C. § 216(b). The Court initially denied this motion without prejudice due to the inclusion of pervasive release language and a non-disparagement clause. [Doc. 26 at pp. 3–7]. The parties subsequently amended their proposed settlement agreement and filed their Second Consent Motion for Approval of Settlement Agreement [Doc. 28], which the Court **GRANTS** for the reasons stated below. *See* [Doc. 28-1].

## DISCUSSION

### A. Standard of Review

In the Eleventh Circuit, FLSA actions may not be settled privately; instead, the Department of Labor must supervise the payment of back wages or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Additionally, a court must review the reasonableness of attorneys' fees to ensure that counsel is adequately compensated and that no conflict of interest affects the amount the plaintiff-employee recovers under the agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

Despite the parties' acknowledgment that "Defendants specifically disclaim[ ] and den[y] any liability to Plaintiff or that it engaged in any wrongful, tortious, or unlawful activity[,]" they are still willing to compromise and settle Plaintiff's claim in their entirety. [Doc. 28-1 at p. 3].

### B.    The Parties' Amended Settlement Agreement

As previously stated, the Court denied the parties' original consent motion because their settlement agreement contained pervasive release language requiring Plaintiff to refrain from participating in any lawsuits against Defendants, regardless of the type of claim, as well as a non-disparagement provision prohibiting Plaintiff's ability to make certain statements about Defendants. *See* [Doc. 24-1 at pp. 3–4].

The Court read and considered the revised settlement agreement and it now contains only narrow release language pertaining only to claims arising under the FLSA through the date of settlement as opposed to broad pervasive release language. [Doc. 28-1 at p. 3]. In accordance with the Court's prior Order [Doc. 26], the parties have stricken the "General Release of Claims By The Parties" provision and their "Non-Disparagement" clause. *Compare* [Doc. 24-1 at pp. 3–4] *with* [Doc. 28-1 at p. 3]. Thus, upon review, the amended settlement agreement comports with all requirements of the FLSA, is fair and reasonable, contains no problematic provisions, and was reached in an adversarial context with the assistance of legal counsel and an experienced mediator.

Accordingly, the settlement agreement submitted as an exhibit to the parties' Second Consent Motion for Approval of Settlement Agreement [Doc. 28-1] is due to be approved.

## CONCLUSION

Having reviewed the parties' brief [Doc. 28] in connection with their amended settlement agreement [Docs. 28-1], the Court determines that the agreement is in accordance with the mandates discussed in the Court's previous Order. *See* [Doc. 26 at pp. 3–7]. For these reasons, the Court **GRANTS** the parties' Second Consent Motion for Approval of Settlement Agreement [Doc. 28]. Accordingly, it is hereby **ORDERED** that the parties' FLSA Settlement Agreement and Release [Docs. 28-1] is approved.

It is **FURTHER ORDERED** that the parties shall be bound by and perform in accordance with the written settlement agreement as submitted to this Court on June 12, 2019.[1] The parties are **DIRECTED** to file a Joint Stipulation of Dismissal With Prejudice within five days after payment is made pursuant to the terms of the FLSA Settlement Agreement and Release [Docs. 28-1] and any disputes thereto have been resolved. The

---

[1] In reviewing the parties' Second Consent Motion for Settlement Approval, the Court noticed a discrepancy in the amount Plaintiff is to receive following approval of the settlement agreement. In their brief, the parties indicate that Plaintiff will receive "a total of $18,750 or approximately 76% of his original estimate of unpaid FLSA wages." [Doc. 28 at p. 6]. The FLSA Settlement Agreement and Release [Doc. 28-1], however, indicates that Plaintiff will receive two checks, each in the amount of $8,750, or a total of $17,500. [Doc. 28-1 at p. 2]. After conferring with the parties, via email, the Court confirmed that the $17,500 amount in the FLSA Settlement Agreement and Release [Doc. 28-1] is the correct amount to be enforced. *See* E-mail from Natasha Banks, Att'y for Defendants Houston Lake Funeral Home, LLC and Magnolia Cemetery, LLC to Ethan Hyde, Judicial Law Clerk to the Honorable Tilman E. Self, III, Judge, M.D. Ga. (June 13, 2019, 3:22 PM EST) (on file with author).

Court shall retain jurisdiction to enforce the terms of the settlement agreement and each party shall bear their own costs.

**SO ORDERED**, this 13th day of June, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
